# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

## Amended Petition for Warrant or Summons for Offender Under Supervision

Name of Offender: Oscar Amos Stilley               Case Number: CR-22-00357-001-F

Name of Judicial Officer: The Honorable Stephen P. Friot (Jurisdiction was transferred from the Northern District of Oklahoma to the Western District of Oklahoma on August 24, 2022)

Date of Original Sentence: April 23, 2010

Original Offense: Count 1; Conspiracy to Defraud the United States in violation of 18 U.S.C. § 371; Count Three; Tax Evasion and Aiding and Abetting in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2; Count Four; Tax Evasion and Aiding and Abetting in violation of 26 U.S.C. § 7201 and 18 U.S.C. § 2.

Original Sentence: 180 months custody, 3 years supervised release

Type of Supervision: Supervised Release          Date Supervision Commenced: August 10, 2022

Previous Court Action: None

Assistant U.S. Attorney: Matt Dillon              Defense Counsel: To be assigned

---

### PETITIONING THE COURT

[X]   Amend the petition filed August 24, 2022, to add violation Nos. 2, 3, and 4.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | **Violation of Special Condition No. 3:** The defendant shall abide by the "Special Computer Restriction Conditions" previously adopted by the Court, as follows:<br><br>**(1) The defendant shall disclose all email accounts, internet connections and internet connection devices, including screen names and passwords, to the probation officer; and shall immediately advise the probation officer of any changes in his or her email accounts, connections, devices, or passwords;** |

**(2)** The probation officer shall have authority to monitor all computer activity, to include all email or internet connections, to include but not limited to installation of remote monitoring software. Unless waived by the probation officer, the cost of the remote monitoring software shall be paid by the defendant;

**(3)** The defendant shall not access any on-line service using an alias, or access any on-line service using the internet account, name, or designation of another person or entity; and report immediately to the probation officer access to any internet site containing prohibited material;

**(4)** The defendant is prohibited from using any form of encryption, cryptography, stenography, compression, password-protected files, or other methods that limit access to, or change the appearance of, data and/or images;

**(5)** The defendant is prohibited from altering or destroying the records of computer use, including the use of software or functions designed to alter, clean or "wipe" computer media, block monitoring software, or restore a computer to a previous state; and

**(6)** If instructed, the defendant shall provide all personal and business telephone records and credit card statements to the probation officer.

On August 10, 2022, Oscar Amos Stilley violated this condition of supervised release when he refused to allow the installation of remote monitoring software to occur.

**2**     **Violation of Special Condition #2:** The defendant shall abide by the "Special Financial Conditions" previously adopted by the Court, as follows:

**(1)** The defendant shall maintain a checking account in the defendant's name and deposit into this account all income, monetary gains or other pecuniary proceeds, and make use of this account for payment of all personal expenses. All other bank accounts must be disclosed to the probation officer.

**(2)** The defendant shall not make application for any loan or enter into any credit arrangement, without first consulting with the probation officer.

**(3)** The defendant shall disclose all assets and liabilities to the probation officer. The defendant shall not transfer, sell, give-away, or otherwise convey any asset, without first consulting with the probation officer.

**(4)** If the defendant owns or maintains interest in any profit or nonprofit entity, you shall, upon request, surrender and/or make available for review, any and all documents and records of said profit or nonprofit entity to the probation officer.

**(5) The defendant shall, upon request of the probation officer, complete a personal financial affidavit and authorize release of any and all financial information, to include income and tax return records, by execution of a Release of Financial Information form, or by any other appropriate means.**

On August 10, 2022, Mr. Stilley was provided a Prob 48 (Net Worth Statement) and Prob 48B (Monthly Cash Flow Statement) and was instructed to complete and submit the documents to the probation office by September 6, 2022. Mr. Stilley submitted the documents on September 5, 2022; however, they were incomplete. Specifically, Mr. Stilley answered "5th Amendment" in several sections of the Prob 48 (Net Worth Statement), and wrote on the Prob 48B (Monthly Cash Flow Statement) that "financial information to be supplied by bank statements in lieu of filling out this form." He also provided the probation office with a 4-page document detailing his reasoning for not completing the forms as instructed. It is noted that Mr. Stilley has submitted copies of his most recent paystubs, as well as tax returns for the years of 2020 and 2021 to the probation office; however, additional documentation has not been received.

**3**　　**Violation of Special Condition #9:** **The defendant shall disclose all email accounts, Pay Pal accounts, internet connections and communication devises, to include all screen names and passwords. Your use of email, internet connections, or an internet connection service will be restricted and/or monitored by monitoring software and otherwise, with the costs of remote computer monitoring to be paid by the defendant. The defendant will be prohibited from accessing any on-line service using an alias or the internet account, name or designation or another person or entity. The defendant will be prohibited from altering or using any form of encryption or other methods that limit access to, or change, the appearance of data or images. The defendant will be prohibited from altering or destroying records of computer use.**

As of today's date, Mr. Stilley has failed to provide the probation office with his password to his email account or login and password information regarding his Pay Pal account. He has also refused to allow the probation office to install monitoring software on his computer and cell phone, as reflected in Violation Number 1.

**4**　　**Violation of Standard Condition #2: The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete a written report within the first five days of each month.**

On August 10, 2022, Mr. Stilley was provided with a Monthly Supervision Report (Prob 8) and instructed to complete and submit the report to the probation office by September 6, 2022. Mr. Stilley submitted the monthly report on September 5, 2022; however, it was incomplete. Specifically, Mr. Stilley wrote "5th Amendment" as an answer to several of the questions on the report. He also provided the probation office with a 4-page document detailing his reasoning for not completing the document as instructed, and his disagreement with the questions on the document.

U.S. Probation Officer Recommendation:

[X]    The term of supervision should be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 7, 2022

*Aric Holloway* (signature)

Aric Holloway
Supervisory U.S. Probation Officer

---

THE COURT ORDERS

[X]    To amend the Petition filed on August 24, 2022
[ ]    No Action
[ ]    Other

September 7, 2022                                                       *SP Friot* (signature)
Date                                                                  STEPHEN P. FRIOT
                                                                     UNITED STATES DISTRICT JUDGE