FILED

SEP 1 2 2022

CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____,DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA            PLAINTIFF

v.        Case No. 5:22-cr-357 F-1
(Transfer from OKND 4:09-cr-43)

OSCAR AMOS STILLEY            DEFENDANT

### DEFENDANT OSCAR STILLEY'S MOTION TO STRIKE DOCKET #1; ALTERNATIVELY FOR DISCLOSURE OF LEGAL AUTHORITY FOR STEPHEN P. FRIOT TO PRESIDE IN THIS CASE

Comes now Defendant Oscar Stilley (Stilley) and for his motion states:

1. Stephen P. Friot is a duly authorized district court judge for the Western District of Oklahoma.

2. Judge Friot is not a duly authorized district court judge for the Northern District of Oklahoma. He has never been nominated by the president, or confirmed by the senate, for any judicial office in the Northern District of Oklahoma (OKND).

3. Judge Friot apparently was assigned to *US v. Springer and Stilley*, OKND 4:09-cr-43, on the authority of an order called "Misc. #23."

4. Misc. #23 by its terms expired on the last day of 2009.

5. The District Court, in the person of Stephen P. Friot, was divested of jurisdiction by the appeals of the defendants.

6. On information and belief, neither "Misc. #23," nor any subsequent similar version of same, has been in effect since this District Court was divested of jurisdiction by the notices of appeal of Defendants.

7. Stilley respectfully inquired of Judge Friot's legal authority to preside in OKND 4:09-cr-43, in Docket 702. Judge Friot acknowledged this request in the order disposing of this motion. Dkt. 719, pg. 1.

8. Judge Friot at page 4 of Docket 719 said he didn't have jurisdiction, and "dismissed" Docket 702.

9. However, Judge Friot never answered the question about whether or not he had any lawful authorization to preside in OKND 4:09-cr-43, whether statutory or otherwise.

10. Nobody has ever explained how Judge Friot could be re-vested with jurisdiction, after the conclusion of the appeal and the return of mandates, without a current and valid authorization similar to that set forth in Misc. #23.

11. On information and belief, Stephen P. Friot was never given authorization to preside over OKND 4:09-cr-43 after jurisdiction returned to the district court, when the mandate was sent to district court from the 10th Circuit Court Clerk.

12. On information and belief, Judge Friot, as a judge of the Western District of Oklahoma but not of the Northern District of Oklahoma, has not had authorization to preside over OKND 4:09-cr-43, since the return of mandates in that case.

13. On information and belief, no order or official document authorized Judge Friot to perform any official act in this case after the mandate was filed in this case 12/06/2011, Dkt. 462, and 12-20-2011, Dkt. 463.

14. Stilley has called the clerks of both the Northern District of Oklahoma, and the 10th Circuit, about these issues.

15. Neither Stilley nor the clerk's office personnel to whom Stilley spoke are able to find a successor version of Misc. #23, in the court clerk files.

16. Stilley is not able to find a successor version of Mis. #23 on the websites of the clerk's office of the Northern District of Oklahoma or the 10th Circuit.

17. Neither Stilley nor the clerk's office personnel to whom Stilley spoke are able to find any statute authorizing the exercise of judicial authority by Judge Friot, in the Northern District of Oklahoma, subsequent to the filing of the mandates from the 10th Circuit Court.

18. Therefore it appears that Judge Friot has not been legally authorized to preside or act in OKND 4:09-cr-43, since the filing of the aforementioned mandates from the 10th Circuit Court.

19. Judge Friot signed Docket #1 in OKWD 5:22-cr-357 F-1 in two separate capacities. Specifically, he signed it twice, once in the capacity of district judge of the Northern District of Oklahoma, and once in the capacity of district judge of the Western District of Oklahoma.

20. On information and belief, the signature in the capacity of a judge of the Northern District of Oklahoma was *ultra vires* and legally unauthorized.

21. Absent a duly authorized "order transferring jurisdiction," Docket 1 is unauthorized, and thus confers no power on any judge of the Western District of Oklahoma.

WHEREFORE, Stilley respectfully requests that the Court strike Docket #1, due to lack of a signature by an authorized district judge for the Northern District of

Oklahoma; requests a prompt and full rendition of all statutes or authorities whatsoever, providing Stephen P. Friot legal authorization to preside over OKND 4:09-cr-43 after the expiration date of Misc. #23, December 31, 2009, and furthermore after the return of mandates from the 10th Circuit; and for such other and further relief as may be appropriate whether or not specifically requested.

Respectfully submitted,

By: /s/ Oscar Stilley
Oscar Stilley
10600 N Highway 59
Cedarville, AR 72932-9246
479.384.2303 mobile
479.401.2615 fax
oscarstilley@gmail.com

September 11, 2022
Date

## CERTIFICATE OF SERVICE

Defendant Stilley hereby certifies that on the date stated above he electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, thereby serving all persons having ECF privileges and entitled to service in this case. Stilley does not have access to Lindsey Springer's physical address, email, and phone number, and thus cannot serve him.